SÁNCHEZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción en parte de una escritura de préstamo con hipoteca y consignando defectos subsanables.

No. 343.—Resuelto en abril 18, 1918.

HIPOTECA—CONDOMINIO AFECTO A USUFRUCTO VIUDAL—NUDA PROPIEDAD—DOMINIO ÚTIL.—Apareciendo del registro que el condominio hipotecado se halla

afecto al usufructo legal de una viuda es evidente que el dueño del condo-
minio sólo tiene sobre él la nuda propiedad, que es lo que puede hipotecar
por ahora, sin que el hecho de que tal usufructo no haya sido constituído
específicamente por los interesados sobre esa finca pueda cambiar la natura-
leza jurídica del usufructo de dominio útil que es, en mero gravamen, como
pretende el recurrente, al efecto de que se entienda hipotecado también el
dominio útil o usufructo de la viuda.

Id.—Condominio—Valoración sin Consentimiento de los Condueños.—Cons-
tando del registro que los interesados en una finca la valoraron en una finca en $16,840 y
habiendo fijado uno de los condueños el valor de su participación en $2,105,
que es la cuarta parte de la mitad, que es lo que tiene inscrito, no tiene ne-
cesidad de acreditar el consentimiento de los condueños para esa valoración
por tratarse de una simple operación aritmética.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador sustituto recurrido, Sr. Manual Paz Ur-
daz, compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

En el Registro de la Propiedad de San Juan se halla ins-
crito una finca a favor de una viuda, en cuanto a una mitad
por sus gananciales, y la otra mitad en común y proindiviso
por partes iguales a favor de cuatro hijos suyos por título
de herencia del padre y esposo que fué de dicha viuda. Uno
de los hijos hipotecó su condominio y cuando el acreedor hi-
potecario presentó en el registro la escritura hipotecaria para
su inscripción el registrador sustituto hizo constar al pie de
ella que inscribía la hipoteca con excepción del derecho de
usufructo, que según el registro tiene dicha viuda en la finca,
y por tanto en la participación de que se trata, y que se ne-
gaba a inscribirla en cuanto a dichos derechos de usufructo
por no resultar inscritos a favor del deudor, quien sólo es
nudo propietario.

El único motivo que alega el acreedor hipotecario en el
recurso gubernativo que estableció contra esa calificación del
registrador a fin de que la revoquemos es, que puesto que los
interesados no han constituído específicamente el usufructo
sobre esta finca, por lo que pesa sobre ella como sobre cuales-

quiera otros bienes de la herencia, tiene solamente el carácter de gravamen, que no impide la constitución de otros y no puede decirse que los herederos han consentido en separar el usufructo y la nuda propiedad.

Apareciendo del registro que el condominio hipotecado se halla afecto al usufructo legal de la viuda es evidente que el dueño del condominio sólo tiene sobre él la nuda propiedad, que es lo que puede hipotecar por ahora, sin que el hecho de que tal usufructo no haya sido constituído específicamente por los interesados sobre esa finca pueda cambiar la naturaleza jurídica del usufructo de dominio útil que es, en mero gravamen, como pretende el recurrente al efecto de que se entienda hipotecado también el dominio útil o usufructo de la viuda.    En consecuencia el registrador procedió correctamente al negar la inscripción de la hipoteca en cuanto al usufructo.

El otro motivo del recurso es que en la inscripción se consignó indebidamente como defecto subsanable el no constar el consentimiento de los demás condueños en la determinación del valor que el deudor hipotecario hace de su condominio.

No tuvo razón el registrador en este particular, porque apareciendo del registro que los interesados en la finca la valoraron en $16,840 y habiendo fijado ese condueño el valor de su participación en $2,105, que es la cuarta parte de la mitad, que es lo que tiene inscrito, no tenía necesidad de acreditar el consentimiento de los condueños para esa valoración por tratarse de una simple operación aritmética.

La nota recurrida debe ser confirmada en cuanto a la negativa de inscripción que contiene y revocada por el defecto subsanable que consignó.

> *Confirmada la nota recurrida en cuanto a la negativa de inscripción que contiene y revocada en cuanto al defecto subsanable consignado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.